IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LATICIA ANDERSON,

        Plaintiff,

v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

        Defendant.

No. 6:13-cv-00102-HZ

OPINION & ORDER

Merrill Schneider
Schneider Kerr & Gibney Law Offices
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Lisa Goldoftas
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Laticia Anderson brings this action for judicial review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I reverse the Commissioner's decision and remand for additional proceedings.

## BACKGROUND

      Plaintiff was born in 1975 (Tr. 210) and was 27 years old at the alleged onset of disability. She completed the eighth grade (Tr. 250) and reports past work as a grocery bagger, care giver, cashier, cook, housekeeper, laborer, and packer (Tr. 246). Plaintiff alleged disability since August 8, 2002 (Tr. 210) due to back pain, arthritis in her legs, and numbness in her arms. Tr. 245.

      The Commissioner denied her application initially and upon reconsideration (Tr. 79-82), and an Administrative Law Judge ("ALJ") held a hearing on May 29, 2009. Tr. 15. The ALJ found Plaintiff not disabled on October 21, 2009. Tr. 83. The Appeals Council remanded the matter on February 15, 2011, directing the ALJ to consider Plaintiff's obesity, consider Plaintiff's maximum residual functional capacity, obtain supplemental evidence from a vocational expert to clarify the effect of Plaintiff's limitations on the occupational base, and

consider Plaintiff's drug addiction and or alcoholism if she is found disabled.  Tr. 96-97.  An ALJ held a second hearing on May 6, 2011.  Tr. 47.  The ALJ found Plaintiff not disabled on May 25, 2011.  Tr. 29.  The Appeals Council declined review of the matter on November 29, 2012, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-3.

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability.  Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

3 - OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's history of thoracic and lumber compression fractures, anxiety, obesity, asthma, and history of drug abuse "severe" at step two in the sequential proceedings. Tr. 34. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 35. The ALJ assessed Plaintiff's RFC and concluded that she could perform "a limited range of sedentary work," read and write, walk about two blocks on a level surface, stand and sit for 30 minutes, occasionally lift no more than 10 pounds, not lift more than 10 pounds frequently, climb four stairs, has a mild manipulative hand limitation, does not drive, has corrected vision, has a "mild impairment in short term memory affected by pain," her "ability to maintain concentration is mildly impaired as affected by pain," and due to methadone treatment, was alert no more than 90% of the time for a person of her age. Tr. 36-37. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 40. The ALJ found there were jobs existing in the national economy, such as cashiering with a sit/stand option, in sufficient numbers that Plaintiff could perform. Tr. 41. The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations. Tr. 42.

STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

DISCUSSION

Plaintiff raises several errors in the ALJ's decision: (1) use of vague terms to construct Plaintiff's RFC, (2) omitting a limitation of simple, repetitive, routine work in Plaintiff's RFC, and (3) failure to ascertain the Dictionary of Occupational Titles ("DOT") code for the representative cashier occupation at step five.

5 - OPINION & ORDER

I.  RFC Errors

Plaintiff raises two errors with the RFC: the ALJ's use of vague terms to describe Plaintiff's hand and mental limitations and the omission of a limitation to simple, repetitive, routine work.

A.  Vague Terms

Plaintiff asserts that the ALJ erred by using "mild" to describe a hand limitation and impairments in her short-term memory and concentration. Pl.'s Br. 6.

1.  Hand Limitation

Plaintiff argues that the use of "mild" fails to convey her hand limitation properly. Pl.'s Br. 6. The ALJ noted that Plaintiff "is right handed; she has a mild manipulative limitation[.]" Tr. 36. During the hearing, the VE questioned the ALJ about the meaning of "mild" and the ALJ provided additional details about the limitation.

> [VE]: One question, your honor. When you say limited use of the hands, could you elaborate on that just a touch more?
> [ALJ]: Well yes. I think it's a matter of pain. I don't think it's a motor impairment. I'm not sure here, but it's manipulative, and so I think the limit on it would be mild. Does that satisfy you?
> [VE]: That's okay, yeah, because most of her work has required pretty consistent use of her hands…so the past work would not be appropriate.

Tr. 74. I find no error because the ALJ elaborated on the "mild" manipulative hand limitation to the VE's satisfaction.

2.  Mental Limitations

Plaintiff argues that the use of "mild" to describe her mental impairments fails to convey Plaintiff's limitations in vocational or work-related terms. Pl.'s Br. 6. The ALJ found that Plaintiff has a "mild impairment in short term memory affected by pain" and that "her ability to maintain concentration is mildly impaired as affected by pain[.]" Tr. 36-37.

"Typically, the ALJ will translate limitations in memory, concentration and attention into an opinion about the kind of work a claimant can perform." Hyson v. Astrue, No. 3:11-CV-01173-KI, 2012 U.S. Dist. LEXIS 167685, at *19 (D. Or. Nov. 27, 2012); see also Barbura v. Colvin, No. 3:12-CV-00954-HZ, 2013 U.S. Dist. LEXIS 104246, at *8-10 (D. Or. July 25, 2013). For example, "moderate limitations in concentration and pace may translate to jobs involving only simple and repetitive or routine tasks." Hyson, 2012 U.S. Dist. LEXIS 167685, at *20-21 (citations omitted).

Here, the ALJ erred by failing to describe Plaintiff's mild impairments (as affected by pain) in short-term memory and concentration in terms of the task or work that Plaintiff can perform. As a result, it is unclear whether the VE could properly evaluate Plaintiff's capacity to perform the proposed jobs. On remand, the ALJ must describe Plaintiff's mild impairment in short-term memory and concentration in functional or work-related terms.

B.  Simple Work Limitation

Plaintiff argues that the ALJ erred by failing to incorporate a limitation to simple, repetitive, routine work into her RFC. In formulating a claimant's RFC, the ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). However, "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Dr. Bill Hennings, a non-examining state agency mental consultant, concluded that Plaintiff would have "no difficulty performing simple work of a repetitive, routine nature." Tr. 647. Dr. Paul Rethinger, another non-examining state agency mental consultant, agreed with Dr.

7 - OPINION & ORDER

Hennings's conclusion. Tr. 662. The ALJ summarized his findings on these opinions as follows:

> State agency mental consultants' opined that the claimant has the capacity to perform simple, repetitive, routine work; should not work closely with the public….Some weight is given to this opinion. However, the claimant testified that she is fine being around other people and if there is a confrontation, she tries to walk away. The claimant's testimony suggests that she is capable of working with the public.

Tr. 39-40. Although it is clear that the ALJ gave these opinions some weight, it is unclear whether the ALJ rejected the limitation to simple, repetitive, routine work. On remand, the ALJ must determine whether Plaintiff should be limited to simple, repetitive, routine work.[1]

II.    Step Five – Omitted DOT Code

Plaintiff argues that the ALJ erred by failing to note the DOT code for the cashiering position that the VE identified. Pl.'s Br. 10. Plaintiff does not support this argument with relevant legal authority. Plaintiff cites to Dennis v. Astrue, No. 3:10-cv-01251-MA, 2012 U.S. Dist. LEXIS 55810 (D. Or. Apr. 20, 2012), but this case is inapplicable. In Dennis, the ALJ merely stated that the claimant could perform "at least 50 percent of the unskilled, medium [exertion jobs]" and "substantial number of light, unskilled jobs." Id. at *6-7. The court agreed that ALJ erred by failing to identify any specific job by "DOT title or incidence." Id. at *7. Here, on the other hand, the ALJ specifically identified cashiering as a job that Plaintiff could perform. There is no requirement that the ALJ is required to elicit the DOT code from the VE. The ALJ did not err in this respect.

/ / /

/ / /

/ / /

---

[1] The resolution of this issue on remand may moot the other issue for remand, i.e., describing Plaintiff's mental impairments in terms functional or work-related terms.

8 - OPINION & ORDER

CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for additional proceedings. On remand, the ALJ must (1) describe Plaintiff's mild limitation in short-term memory and concentration, as affected by pain, in functional or work-related terms, and if necessary, (2) determine whether Plaintiff is limited to simple, repetitive, routine work.

IT IS SO ORDERED.

Dated this 2 day of March, 2014

MARCO A. HERNANDEZ
United States District Judge

9 - OPINION & ORDER